IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

FILED
STATESVILLE, N.C.
OCT 15 2012
U.S. District Court
Western District of N.C.

REYNOLDS INNOVATIONS INC., )
)
    Plaintiff, )
)
)
vs. )   Civil Action No. 5:12-CV-109
)
)
SHARP SMOKER LLC d/b/a "Sharp- )
Smoker.com"; and KEVIN SJODIN, )
individually and d/b/a "Sharp- )
Smoker.com", )
)
)
    Defendants. )
)

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Reynolds Innovations Inc. ("RII") and Defendants Sharp Smoker LLC and Kevin Sjodin, individually and d/b/a Sharp-Smoker.com (collectively "Defendants"), have reached a confidential agreement in settlement of the dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     RII is a North Carolina corporation with a place of business at 401 North Main Street, Winston-Salem, North Carolina.

2.     RII is a trademark holding company and subsidiary of R.J. Reynolds Tobacco Company. RII is the owner of distinctive trademarks, including but not limited to trademarks

consisting of the word "CAMEL" and depictions of a camel.

3. RII, through its predecessors-in-interest and affiliates, has used the CAMEL trademarks continuously for over one hundred (100) years in connection with tobacco products, including but not limited to cigarettes. (For convenience, and unless the context indicates otherwise, the term "Reynolds" will be used to refer collectively to RII's predecessors-in-interest and/or to RII's corporate affiliates who use the trademarks owned by RII under authority from RII.)

4. RII has registered various versions of its CAMEL marks on the Principal Register of the United States Patent and Trademark Office ("USPTO") under, *inter alia*, U.S. Trademark Registration Nos. 126,760; 1,030,232; 1,391,824; and 3,211,464. All of these registrations have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "CAMEL Marks.")

5. As a result of over a century of continuous use and promotion of the CAMEL Marks, RII's CAMEL Marks have acquired a high degree of recognition and fame throughout the United States as symbolic of the highest quality of tobacco products. The public is uniquely aware of the CAMEL Marks and identifies those marks with Reynolds. The CAMEL Marks are famous trademarks that are widely recognized by the general public as a designation of the source of Reynolds's goods.

6. Sharp Smoker LLC is a limited liability company organized under the laws of the State of North Carolina with a place of business in Mooresville, North Carolina.

7. Defendant Kevin Sjodin is a resident of Mooresville, North Carolina, and the owner and operator of Sharp Smoker LLC.

8. Defendants sold and distributed liquid nicotine products under or bearing the CAMEL Marks or colorable imitations of the CAMEL Marks that are confusingly similar to the CAMEL Marks.

9. On July 30, 2012, RII commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendants. The Complaint alleged claims for trademark infringement, trademark dilution, unfair competition and false designation of origin in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*; unfair and deceptive trade practices in violation of N.C. Gen. Stat. §§ 75-1 *et seq.*; and trademark infringement and unfair competition in violation of the common law of the State of North Carolina.

10. The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Defendants to RII of a confidential amount of money.

11. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, this Court has subject matter jurisdiction over RII's claims against Defendants.

12. This Court has personal jurisdiction over Defendants because Defendants have each hereby submitted themselves to the jurisdiction of this Court.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants and their members, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

   a) using, advertising, promoting, displaying, or making any use whatsoever of (i) the designation "CAMEL," or any colorable imitation of the CAMEL Marks; (ii) visual or graphic depictions of a camel or of camels; and (iii) the following Reynolds trademarks or any colorable imitations thereof: BARCLAY, BELAIR, CAPRI, CARLTON, DORAL, ECLIPSE, GPC, KOOL, LUCKY STRIKE, MISTY, MONARCH, MORE, NOW, PALL MALL, SALEM, TAREYTON, VANTAGE, VICEROY, and WINSTON;

   b) engaging in any other activity constituting an infringement of RII's trademarks; and

   c) using any false designation of origin or false representations which are likely to lead the trade, the public, or individuals erroneously to believe that Defendants are in any way sponsored, approved, authorized, or controlled by Reynolds.

2. Defendants shall pay to RII the confidential amount of money agreed upon by the parties.

3. RII and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. RII and Defendants understand the undertakings, obligations and terms of this Consent Judgment.

4. Except as to Defendants' obligations set forth in this Consent Judgment, RII's claims against Defendants in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants hereby waive all right to appeal from this Consent Judgment.

5. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate RII for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

It is SO ORDERED, this the 10th day of Oct., 2012.

_____
United States District Judge

[SIGNATURES OF THE PARTIES APPEAR ON THE FOLLOWING PAGE]

CONSENTED AND AGREED TO:

PLAINTIFF:

REYNOLDS INNOVATIONS INC.

By: _Michael Madigan_

Title: _Secretary_

Date: _9/20/12_

DEFENDANTS:

SHARP SMOKER LLC

By: _____
Kevin Sjodin
Title: _____

Date: _____

KEVIN SJODIN

By: _____

Date: _____

CONSENTED AND AGREED TO:

PLAINTIFF:

REYNOLDS INNOVATIONS INC.

By: _____

Title: _____

Date: _____

DEFENDANTS:

SHARP SMOKER LLC

By: _____
    Kevin Sjodin

Title: _MEMBER_____

Date: _9-20-2012_____

KEVIN SJODIN

By: _____

Date: _9-20-2012_____